| | |
|---|---|
| DISTRICT COURT, Park COUNTY, COLORADO<br>Court Address: 300 4th Street,<br>　　　　　　　 Fairplay, CO 80440 | **EFILED Document**<br>**CO Park County District Court 11th JD**<br>**Filing Date: Oct 15 2009  8:00AM MDT**<br>**Filing ID: 27563926**<br>**Review Clerk: Samantha Vance** |
| Plaintiff: Daniel R. Melson<br><br>v.<br><br>Defendant: Finance America, LLC d/b/a Fin-Am LLC Originating Lender, Ocwen Loan Servicing, LLC, Original Loan Servicer, Loan No 34974212, the CIT Group/Consumer Financing, Inc., and successor loan servicer, Act. No. 0000900276306, Select Portfolio Servicing, Inc. Loan No. 0008900342, US Bank National Association as Trustee on Behalf of the Holders of the CSMC Trust 2006-CF2 CS Mortgage Pass-Through Certificates Series 2006-CF2, and the Public Trustee of Park County Colorado, et al., | ▲COURT USE ONLY▲ |
| Attorney for Respondent:<br><br>**CASTLE MEINHOLD & STAWIARSKI, LLC**<br><br>Address:　　 999 18th Street, Suite 2201<br>　　　　　　 Denver, Colorado  80202<br>Phone Number:  (303) 865-1400<br>FAX Number:　 (303) 865-1510<br>E-mail　　　　 dstodden@cmsatty.com<br>　　　　　　　 kgantenbein@cmsatty.com<br>Atty. Reg. #　　#33214 (Deanne R. Stodden)<br>　　　　　　　 #39213 (Keith A. Gantenbein Jr.) | Case Number: 2009CV286<br><br>Division: |
| **RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER** | |

　　Respondent, US Bank National Association as Trustee on Behalf of the Holders of the CSMC Trust 2006-CF2 CS Mortgage Pass-Through Certificates Series 2006-CF2 ("US Bank"), by and through its attorneys, Castle Meinhold & Stawiarski, LLC, hereby responds to the Motion for Temporary Restraining Order filed by Daniel R. Melson ("Melson") and states as follows:

## I.　　PROCEDURAL HISTORY

　　1.　　On March 12, 2009, US Bank filed a Motion for Order Authorizing Sale, Notice of Hearing and Certificate of Posting and Mailing with this Court assigned case number 2009CV63.

　　2.　　The hearing regarding the Motion for Order Authorizing Sale was set for April 6, 2009.

1

3. Melson filed a pro se Response and Objection to US Bank's Motion for Order Authorizing Sale on April 6, 2009.

4. On April 28, 2009, US Bank filed a Motion for Order Authorizing Sale Notwithstanding the Response with a Proposed Order Authorizing Sale.

5. The hearing regarding the Motion for Order Authorizing Sale was continued to May 20, 2009.

6. On May 19, 2009, counsel for Mr. Melson, John W. Swanson ("Swanson"), filed an Entry of Appearance and Motion to Extend.

7. On May 19, 2009, Swanson filed another Entry of Appearance and Request for Extension to Amend Respondent's Pro Se Response.

8. On May 20, 2009, the hearing scheduled for May 20, 2009 was vacated and continued to June 26, 2009.

9. On May 29, 2009, Swanson filed another Motion to Extend.

10. On June 6, 2009, Swanson filed an amended response asserting substantially similar Rescission, RESPA and TILA claims.

11. On June 8, 2009, this Court granted the Order Authorizing Sale and denied Swanson's Motion to Extend.

12. On June 25, 2009, Swanson filed a Third Motion to Extend. This Court subsequently denied Swanson's third request for an extension.

13. On July 15, 2009 the property at 95 Double Tree Road, Bailey, Co 80421 ("Property") was sold by the Park County Public Trustee for $307,824.45 with the successful purchaser being US Bank.

14. On July 28, 2009, this Court issued an Order Approving the Sale.

15. On September 14, 2009, US Bank filed a Forcible Eviction and Detainer Action seeking to gain possession of the property designated as case number 09C398. The Summons and Complaint was posted on September 16, 2009 and mailed to Mr. Melson on September 14, 2009.

16. On September 18, 2009, Swanson filed an Entry of Appearance, Request for Jury Trial, Request for Extension.

2

17. On September 21, 2009, Swanson filed an Answer asserting Rescission as a defense to possession. After preliminary issues were resolved, the matter was set for a possession hearing on October 14, 2009.

18. On or about October 11, 2009, Swanson filed a Complaint, Request Temporary Restraining Order and Injunction, Request for Declaratory Relief and Request for Jury Trial ("Motion").

19. The Plaintiff has not properly served US Bank or any other named defendant in this action within. However, US Bank seeks to respond to the Motion for Temporary Restraining Order and asserts that a Temporary Restraining Order is moot or is without merit. As such, the Motion should be denied.

## II.   A TEMPORARY RESTRAING ORDER OR INJUNCTION IN THIS CASE IS IMPROPER AND WILL ONLY SERVE TO PREJUDICE US BANK

20. Plaintiff requests that this Court issue a Temporary Restraining Order or a Preliminary Injunction enjoining and restraining US Bank for evicting Plaintiff from the property currently owned by US Bank or preventing US Bank from selling or attempting to sell the Property.

21. It is important to note that "a preliminary injunction is a decision which lies within the sound discretion of the trial court. However, injunctive relief shall not be indiscriminately granted. Rather, it shall be exercised sparingly and cautiously and with a *full conviction* (emphasis added) on the part of the trial court of its urgent necessity." *Rathke v MacFarlane*, 648 P.2d 648, 653 (Colo. 1982).

22. Plaintiff fails to assert a claim which gives rise to urgent necessity. Plaintiff asserts in his Complaint that he properly rescinded the Note. Even if Plaintiff prevails, US Bank would still be entitled to possession of the Property. Plaintiff can not rescind the note and also retain ownership of the property. Rescission serves to reinstate the parties back to the position they were in prior to entering into the loan transaction. Plaintiff's Motion is merely another of many attempts to delay the foreclosure process and is without merit because there is no possible outcome in which Plaintiff would retain a right of possession.

23. In order for Plaintiff's Motion to be successful, this Court must find that he has demonstrated the following:

   1. A reasonable probability of success on the merits,

   2. A danger of real, immediate, and irreparable injury which may be prevented by injunctive relief,

   3. That there is no plain, speedy, and adequate remedy at law,

3

4. That the granting of preliminary injunction will not disserve the public interest,

5. That the balance of equities favors the injunction,

6. That the injunction will preserve the status quo pending a trial on the merits.

### III.   PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS

24. Plaintiff states that there is a likelihood of success on the merits for three reasons, specifically: 1) that Plaintiff has a right to rescind pursuant to the Truth in Lending Act ("TILA") and the Colorado Uniform Consumer Credit Code ("UCCC"); 2) that Plaintiff may rescind pursuant to TILA because a mortgage broker fee was not included in the finance charge or the creditor did not provide the properly completed appropriate loan form; and 3) that Plaintiff has set forth damages and he is entitled to a set-off against the sum owed to the lender.

#### A.   Rescission Under TILA and UCCC

25. First, Plaintiff claims that he is entitled to rescind the loan at issue based upon the provisions of the TILA and the UCCC.

26. TILA provides that a consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation. In order to exercise the right to rescind, *the consumer must notify the creditor of the rescission by mail, telegram or other means of communication*. Notice is considered given when mailed, filed for telegraphic transmission or sent by other means, when delivered to the lender's designated place of business. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3). [*Emphasis Added*]

27. In his Motion, Plaintiff has failed to provide any evidence to show that the requisite material disclosures were not provided at consummation of the loan on May 31, 2005. In addition, Plaintiff admits in Paragraph 19 of the Motion that notice of rescission was mailed to the law office representing US Bank on May 14, 2009.

28. The three year limitation on actions for rescission "is not a statute of limitations subject to tolling, but rather it is a statute of repose, which creates a substantive right, not subject to tolling, " *Spann v. Community Bank of Northern Virginia*, 2004 WL 691785, 4 (N.D. Ill. Mar. 30, 2004). Assuming that the requisite disclosures were not provided at consummation, Plaintiff would have had to exercise his alleged right of rescission prior to May 31, 2008. Plaintiff admits that the notice of rescission was mailed on May 14, 2009 and therefore is clearly outside of the three year limitation. Given the substantial procedural history of the related cases in both County and District

4

Courts, it is clear that the rescission notice was filed as another attempt to delay the foreclosure sale.

29. In addition to TILA, Plaintiff also attempts to utilize the UCCC as a basis for rescission of his former loan.

30. Notwithstanding a few minor portions, the UCCC does not apply to the sale of an interest in land when the sale is secured by a first mortgage or deed of trust lien issued against a dwelling to finance the acquisition of that dwelling. *Colo. Rev. Stat. § 5-1-301(b)(II)(a)*.

31. The loan which was foreclosed on July 15, 2009 was a first deed of trust against the Property, and therefore, is not subject to the requirements of the UCCC. As such, Plaintiff can have no claims or extensions of time stemming from the UCCC as his former loan is explicitly exempted from the UCCC.

32. Because Plaintiff's claim of rescission would have had to been submitted to US Bank almost one year ago, Plaintiff is not likely to succeed on the merits of his case.

B. Rescission Due to Non-Inclusion of Certain Fees and Forms

33. Secondly, Plaintiff proceeds to state that a borrower may rescind a loan pursuant to TILA when a mortgage broker fee that should have been included in the finance charge is not included or when the originating lender does not provide the properly completed appropriate loan form.

34. Without offering any form of evidence or proof that the aforementioned violations occurred, Plaintiff simply states, "These requirements were not satisfied in this case." Based upon this statement, Plaintiff then concludes that he has a right to rescind.

35. By asserting this claim with a complete lack of factual support or evidence, Plaintiff has failed to meet the burden of proof required to show a likelihood of success on the merits.

C. Set-Off of Damages

36. Finally, Plaintiff takes the position that he has asserted numerous claims for damages in this case and is thereby entitled to a set-off of these amounts against the total amount owed to US Bank upon redemption after foreclosure.

37. Counsel for US Bank is not clear as to what damages Plaintiff is referring to as none have been properly plead in this case. In addition, there is no owner right of redemption in Colorado since the statute was changed and effective January 1, 2008. See C.R.S. 38-38-302.

5

38.     Due to the fact that Plaintiff has not properly plead any damages in this case and because there is no longer an owner right of redemption in Colorado, Plaintiff's claims are groundless and do not show a likelihood of success on the merits.  Therefore, the relief requested by Plaintiff should be denied.

## IV.     PLAINTIFF WILL NOT BE IRREPARABLY HARMED

39.     Plaintiff asserts that he will be irreparably harmed through the loss of his home and the unique value he ascribes to it. There is simply no immediate and irreparable injury in this matter that may be prevented by injunctive relief. Plaintiff no longer owns the Property and has no right of possession. The honorable County Court has granted US Bank a judgment for possession in case 2009C398 due to the fact the US Bank is the current owner of the property.

40.     Plaintiff asserts that he will be irreparably harmed by the removal of his personal property from the property now owned by US Bank. This is not a type of injury that would permit injunctive relief as US Bank is merely trying to obtain possession and secure the asset that it validly owns. Furthermore, this eviction process is not substantially different from any other eviction matter nor is possession of the Property an issue in Plaintiff's Motion.

41.     Without addressing the validity of Plaintiff's claims, it is clear that no matter the outcome of the Complaint, Plaintiff can not be deemed to have a right of possession in the Property.

## V.     PLAINTIFF HAS AN ADEQUATE REMEDY AT LAW

42.     Plaintiff continues by stating that there is no plain, speedy or adequate remedy at law based upon the claimed irreparable injury above.

43.     The irreparable injury claimed by Plaintiff above is purported monetary damages and the loss of the property.

44.     Without addressing the validity of his claim, it is quite clear that Plaintiff has an adequate remedy at law in the form of a separate action for monetary damages and any other damages permitted under TILA.  Because this course of action is available to Plaintiff, he has available an adequate remedy at law. However, no remedy is claimed by Plaintiff that will allow for him to retain ownership in the property.

## VI.     THE GRANTING OF A RESTRAINING ORDER WILL DISSERVE THE PUBLIC INTEREST

45.     In support of his position that the grant of the Motion will not disserve the public interest, Plaintiff states that "there is a strong public interest in enabling families to assert all rights they may have to protect their homes…"

6

46.     While there certainly is a public interest in providing a forum for the assertion of rights, there is also a public interest in preventing frivolous claims initiated solely to cause undue delay and increased costs.

47.     Aside from the waste of court resources, the delay caused by unwarranted and unsupported filings, such as this Motion and the other various motions filed by Plaintiff in relation to this property, slows economic recovery by costing lenders, such as US Bank, additional and substantial time and money.  These filings also waste the resources of the court system. While the effect may seem insignificant when solely considering the case at hand, on a larger scale this abuse can result in the loss of jobs, limit funds available for future loans to other consumers and increase already significant losses on foreclosed homes.  Based upon the foregoing, it is in the public interest to deny the relief requested by Plaintiff.

## VII.   THE BALANCE OF THE EQUITIES FAVORS THE DENIAL OF THE RESTRAINING ORDER

48.     Plaintiff states that he faces a potentially grievous loss if the eviction process of the Property is allowed to go forward and that US Bank will be mildly inconvenienced by any delay.  While the effects of a short delay on US Bank may be minimal, US Bank has already been substantially prejudiced by many 'short' delays as evidenced in the procedural history of cases 09CV63 and 09C398. Furthermore, it appears that Plaintiff is attempting seek permanent injunctive relief until a trial on the merits is complete. This will cause a very long and drastic delay that will greatly prejudice US Bank. Plaintiff, on the other hand, will be allowed to continue to use and occupy the Property for his financial gain without any payment. It is certainly not equitable to allow Plaintiff to remain on the property free of charge while US Bank is unable to protect or market its asset.

49.     Not once has Plaintiff made the argument that he is entitled to retain the Property.  To the contrary, for Plaintiff the struggle is one between eviction and his perceived right of rescission.  However, in neither instance will Plaintiff ultimately retain possession of the Property.  Therefore, no matter which route is taken, Plaintiff will ultimately arrive at the same destination: losing his right to possession of the Property.

50.     The denial of the requested relief will have little or no effect on Plaintiff but will impact US Bank significantly as stated above. As such, the balance of the equities favors the denial of the requested relief.

## VIII.  THE STATUS QUO SHOULD NOT BE MAINTAINED

51.     The underlying purpose of a temporary injunction is to *prevent a tort or wrong and to preserve the status quo* until final hearing and a determination as to the controverted rights of the parties. <u>Spickerman v. Sproul</u>, 138 Colo. 13, 15 (Colo. 1958). [*Emphasis Added*]

7

52.     The general purpose of preserving the status quo is to prevent a wrong from occurring.  If the status quo is maintained in this matter, a wrong will merely be allowed to continue rather than be prevented.

53.     Regardless of the merits of Plaintiff's TILA claim, continued possession of the Property is not necessary for Plaintiff to assert any claims he may possess.  In fact, continued possession of the Property will only serve to harm US Bank further.

**WHEREFORE**, US Bank National Association as Trustee on Behalf of the Holders of the CSMC Trust 2006-CF2 CS Mortgage Pass-Through Certificates Series 2006-CF2, respectfully requests that this Court deny the relief requested by Plaintiff in his Motion for Temporary Restraining Order

Respectfully submitted this 15th day of October, 2009.

CASTLE MEINHOLD & STAWIARSKI, LLC

s/  *Keith A. Gantenbein*
Keith A. Gantenbein Jr. #39213
Attorneys for US Bank National Association as Trustee on Behalf of the Holders of the CSMC Trust 2006-CF2 CS Mortgage Pass-Through Certificates Series 2006-CF2

CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2009, a true and correct copy of the foregoing RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER was served on the following by depositing the same in the United States Mail, postage prepaid:

Daniel R. Melson
c/o John W. Swanson, Esq.
34 South Holman Way #2B
Golden, CO 80401

s/ *Kim Prochnio*
Kim Prochnio

8