| | |
|---|---|
| PARK COUNTY DISTRICT COURT<br>State of Colorado<br>Park County Court House<br>300 4th Street<br>Fairplay, CO 80440 | **EFILED Document**<br>**CO Park County District Court 11th JD**<br>**Filing Date: Oct 19 2009 11:09AM MDT**<br>**Filing ID: 27616291**<br>**Review Clerk: Delia Moreno** |
| Plaintiff:<br><br>DANIEL R. MELSON,<br><br>Defendants:<br><br>Finance America, LLC d/b/a/ Ocwen Loan Servicing, LLC-Original Lender, Ocwen Loan Servicing, LLC-Original Loan Servicer, Loan No. 34974212, The CIT Group/Consumer Financing, Inc., and successor Loan Servicer, Act. No. 00009800276306, Select Portfolio Servicing, Inc., Loan No. 0008900342, US Bank NA, as trustee, on behalf of the holders of the Trust 2006-CF-2 CS, mortgage pass through certificates, series 2006-CF-2, and the Public Trustee of Park County Colorado. | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiffs:<br>John W. Swanson ARN 16229<br>Law Office of John W. Swanson<br>1756 Gilpin Street<br>Denver, CO 80218<br>Telephone: 303.861.0174 | Case No.: 2009CV286<br><br>Division: |
| **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO REQUEST FOR TEMPORARY RESTRAINING ORDER** | |

Plaintiff, by and through the Law Office of John W. Swanson states and alleges as follows:

1. Plaintiff has responded to the Temporary Restraining Order ("TRO") request filed with a complaint, request for declaratory judgment, and request for injunction. The response ids to the TRO only. Plaintiff asserts that the relief requested in the complaint should not be taken piecemeal at this time. It is unclear whether the attorney represents the defendants on all claims. He said he did not represent the defendant's claims here, but he might. There is no separate entry of appearance by defendant. This court required counsel to re-file an entry of appearance on the Rule 120 case.

2. The assertions that plaintiff is trying to delay these and the related cases by asking for an extension and asserting defenses is not true. No motion to extend was ever granted to plaintiff. One extension was submitted with agreement of the bank but this was denied. Plaintiff strongly objects when the defendant says plaintiff is trying to delay these matters.

3. In the forcible entry and detainer ("FED") case under 2009C398 there was no delay. Defendant filed an answer in person because attorney was on emergency leave in Arizona for almost a week. There was no delay. Instead of a delay counsel prepared the answer and entry of appearance ahead of time and delayed his trip.

4. The court set the eviction hearing on October 14, 2009 on schedule.

5. Defendant dismisses the TRO in the in the fashion of a summary judgment. But there are facts in dispute and the TRO requires a hearing to determine the issues of harm, likelihood of success and each other element of this request. There needs to be testimony to support each side of this dispute. Plaintiff is asking the court to hear the TRO and any evidence and testimony provided by the parties before it rules on the merits of the request.

6. The defendant's assert that if homeowners fight for their homes the will be taking jobs out of the banking industry. This is spite of the fact that banks are awarding themselves substantial bonuses this year.

WHEREFORE: The defendant's request that the TRO be denied, should be denied at this time.

Respectfully submitted this 19th day of October, 2009:

Law Office of John W. Swanson

2

\_\_\_/S/_____
John W. Swanson