| | |
|---|---|
| PARK COUNTY COMBINED COURT<br>PO BOX 190, 300 4TH ST., FAIRPLAY, CO  80440<br>(719)836-2940<br><br>Plaintiff: DANIEL R. MELSON<br><br>Defendants: FINANCE AMERICA. LLC et al. | **EFILED Document**<br>**CO Park County District Court 11th JD**<br>**Filing Date: Oct 22 2009  8:53AM MDT**<br>**Filing ID: 27681177**<br>**Review Clerk: Samantha Vance**<br><br>Δ  COURT USE ONLY  Δ<br><br>Case Number: 09 CV 286 |
| **ORDER** | |

    This matter comes before the Court pursuant to the Plaintiff's Request for a Temporary Restraining Order preventing the Defendants from executing a Writ of Restitution for possession of the real property located at 95 Double Tree Road, Bailey, Colorado.  The Court has reviewed the Complaint, affidavit of Daniel R. Melson, the Defendants' Response, the Plaintiff's Reply, and the Court file.  The Court has also taken judicial notice of Park County District case No. 09CV63 and Park County Court Case No. 09C398.  The Court finds, concludes and Orders as follows.

    In May 2005 the Plaintiff entered into a loan transaction with the Defendants' predecessor in interest (the 'lender').  The loan was secured by a first deed of trust recorded as a lien again the subject property.  Plaintiff both conducts an automobile restoration business and resides at the property.  In May 2008 the loan was allegedly modified [although Plaintiff's allegations are vague as to the details of the modification].

    In case no. 09CV63, the property was sold at a foreclosure sale on July 15, 2009, which was court approved on July 28, 2009.  In case no. 09C398, an eviction/possession hearing was held on October 14, 2009 after which the Court awarded possession of the property to the Defendants.

    Plaintiff alleges a series of irregularities and inadequacies in the lender's disclosure requirements concerning the May 2005 loan transaction as well as the May 2008 loan modification. Plaintiff claims to have rescinded the loan transaction(s) in May of 2009. At no time has the Plaintiff disputed that he has defaulted in the payment of his loan obligation.

The Plaintiff argues that he will suffer irreparable injury, loss, or damage if the temporary restraining order is not granted and requests to remain in the property pending his pursuit of his claims set forth in the Complaint. Basically, the Plaintiff alleges that his automobile restoration business will be substantially harmed if he is evicted.

The Defendants respond by contending that, although the Plaintiff may have a right to monetary damages if he prevails on his claims, he is not entitled to 'rescind' the loan transaction and stay in the property. In order to grant the Plaintiff's motion, the Defendants correctly points out that the Court must find that (1) the Plaintiff has a reasonable probability of success on the merits; (2) the Plaintiff is in danger of suffering a real, immediate, and irreparable injury; (3) there is no plain, speedy, and adequate remedy at law; (4) granting the injunctive relief will not disserve the public; (5) the balance of the equities are in the Plaintiff's favor; and (6) granting the injunctive relief will preserve the status quo pending trial on the merits.

The Court is sympathetic to the Plaintiff's dilemma. However, giving the Plaintiff every benefit of the doubt that his allegations are true, the Court must find that he has failed to establish any of the six criteria listed above. Although the Plaintiff may be entitled to recover monetary damages if he prevails at trial, under the law he is not entitled to the injunctive relief sought.

Therefore, the request for a temporary restraining order is denied.

Dated this 21st day of October 2009.

BY THE COURT:

Stephen A. Groome
District Court Judge