This document constitutes a ruling of the court and should be treated as such.

| | |
|---:|:---|
| **Court:** | CO Park County District Court 11th JD |
| **Judge:** | Stephen Groome |
| **File & Serve Transaction ID:** | 30046818 |
| **Current Date:** | Mar 15, 2010 |
| **Case Number:** | 2009CV286 |
| **Case Name:** | MELSON, DANIEL RAY et al vs. U S BANK NA |

**EFILED Document**
**CO Park County District Court 11th JD**
**Filing Date: Mar 15 2010  1:52PM MDT**
**Filing ID: 30058639**
**Review Clerk: Samantha Vance**

**Court Authorizer Comments:**

Twenty day extension granted.

**/s/ Judge Stephen Groome**



| | | |
|---|---|---|
| **GRANTED**<br>**WITH COMMENTS** | The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order. | *[signature]*<br>**Stephen Groome**<br>**District Court Judge**<br>DATE OF ORDER INDICATED ON ATTACHMENT |

| | |
|---|---|
| DISTRICT COURT, PARK COUNTY, COLORADO<br>Court Address: 300 4th Street,<br>            Fairplay, CO 80440 | |
| Plaintiff: Daniel R. Melson<br><br>v.<br><br>Defendant: Finance America, LLC d/b/a Fin-Am LLC Originating Lender, Ocwen Loan Servicing, LLC, Original Loan Servicer, Loan No 34974212, the CIT Group/Consumer Financing, Inc., and successor loan servicer, Act. No. 0000900276306, Select Portfolio Servicing, Inc. Loan No. 0008900342, US Bank National Association as Trustee on Behalf of the Holders of the CSMC Trust 2006-CF2 CS Mortgage Pass-Through Certificates Series 2006-CF2, and the Public Trustee of Park County Colorado, et al., | ▲COURT USE ONLY▲ |
| Attorney for Respondent:<br><br>**CASTLE MEINHOLD & STAWIARSKI, LLC**<br><br>Address:         999 18th Street, Suite 2201<br>            Denver, Colorado  80202<br>Phone Number:  (303) 865-1400<br>FAX Number:   (303) 865-1510<br>E-mail           dstodden@cmsatty.com<br>            kgantenbein@cmsatty.com<br>Atty. Reg. #     #33214 (Deanne R. Stodden)<br>            #39213 (Keith A. Gantenbein Jr.) | Case Number: 2009CV286<br><br>Division: |
| **DEFENDANT'S COMBINED MOTION FOR ENLARGEMENT OF TIME AND RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** | |

Respondent, US Bank National Association as Trustee on Behalf of the Holders of the CSMC Trust 2006-CF2 CS Mortgage Pass-Through Certificates Series 2006-CF2 ("US Bank"), by and through its attorneys, Castle Meinhold & Stawiarski, LLC, hereby submits it's Combined Motion for Enlargement of Time and Response to Motion for Default Judgment filed by Daniel R. Melson ("Melson") and states as follows:

### I.    PROCEDURAL HISTORY

1. On October 10, 2009, Melson filed a Complaint and Request for Temporary Restraining Order.

2. On October 15, 2009, Defendant US Bank, by and through it's counsel, made a special appearance and filed it's response to Melson's Request for Temporary Restraining Order.

3. On October 17, 2009, Melson filed a reply to US Bank's Response.

4. On October 22, 2009, this Court issued an order Denying the Request for Temporary Restraining Order.

5. Almost two months later, this Court issued a Notice of Dismissal for Failure to Prosecute on December 15, 2009, directing Melson to submit to this court the reasons why this matter should not be dismissed for failure to prosecute.

6. Melson failed to respond to the Notice of Dismissal for Failure to Prosecute and on January 14, 2010 this Court closed the matter.

7. On January 15, 2010, Melson filed Returns of Service for service upon the Park County Public Trustee and US Bank.

8. Almost two months later, Melson filed his Ammended (sic) Motion to Set Aside Case Closuer (sic) on March 8, 2010.

9. On March 9, 2010, this Court granted the motion and the matter has been reopened.

10. On March 13, 2010, Melson filed a Motion for Default Judgment.

## II.   ARGUMENT

### A. Plaintiff's Motion for Default Judgment Should be Denied

11. Because an Entry of Default may render a party unable to assert it's inherent rights, default judgments are serious and drastic measures. *Civil Serv. Comm'n v. Doyle*, 424 P.2d 368, 372 (Colo. 1967).

12. An Entry of Default Judgment would prevent US Bank from defending itself in this matter.

13. Courts favor a determination of litigation based on the merits of a matter and not technical rules. *See Beeghly v. Mack,* 20 P.3d 610, 614 (Colo. 2001) (holding that "unless enforcement of procedural requirements is essential to shield substantive rights, litigation should be determined on the merits and not on the basis of technical rules" quoting *People v. Dickinson,* 592 P.2d 807, 808 (Colo. 1979.)).

14. The plaintiff in this matter will not be prejudiced by a denial of the Motion for Default Judgment, as no other defendants have filed an Answer and no other defendants, absent US Bank and the Park County Public Trustee, have been properly served.

15.  Justice requires that this Court deny the plaintiff's Motion for Default Judgment and allow defendant US Bank the opportunity to file a responsive pleading. By denying the plaintiff's request, this Court will:

   a. Allow US Bank to defend itself against Melson's allegations and claims for relief;

   b. Provide the parties opportunity to participate and engage in litigation;

   c. Allow this court to determine this litigation "on the merits and not on the basis of technical rules."

16. Melson cannot be afforded the benefit of a Default Judgment by virtue of Melson's failure to timely prosecute this matter. Melson filed returns of service on January 15, 2010; these returns were filed after the case was closed for failure to prosecute.

17. On or about January 17, 2010, counsel for US Bank contacted the Park County Court clerk and was informed that the matter was closed. At that time, no response was necessary as the matter was closed.

18. Justice requires that US Bank be allowed the opportunity to respond, as US Bank has not acted untimely and it is Melson who has created the present situation.

### B. US Bank is Entitled to an Enlargement of Time in Which to File a Responsive Pleading

19. C.R.C.P. 6(b) provides that "the court for cause shown may, at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect…"

20. Under C.R.C.P. 6(b)(1) a court may order the period enlarged if the request is made prior to the expiration of the period originally prescribed. Melson asserts that US Bank's time to respond has expired. However, the period to answer should be tolled during the period in which the matter was closed.

21. Therefore, US Bank should be entitled to an extension of time as this is US Banks first request for extension and no party will be prejudiced by such an extension

22. Even if the answer period has expired, "the trial court has broad latitude under section (b)(2) in permitting Enlargement of Time within which to file responsive pleadings." *People v. McBeath*, 709 P.2d 38 (Colo. App. 1985).

23. "A trial court may, for good cause, allow an extension of time to file an

answer, even though the original time limit has passed." *Reap v. Reap*, 142 Colo. 354, 350 P.2d 1063 (1960).

24. Certainly, good cause exists to allow US Bank an extension of time in which to respond: Melson filed the Complaint on October, 10, 2010 but waited more than three months to effectuate service; Melson failed to respond to the Notice of Dismissal for Failure to Prosecute; even after the instant matter was closed by this Court, Melson filed the returns of service and waited two more months to reopen the matter.

25. US Bank should not be prejudiced by Melson's failure to prosecute the matter. Melson should not be allowed to reopen a matter and then immediately file a Motion for Default Judgment.

**WHEREFORE**, US Bank National Association as Trustee on Behalf of the Holders of the CSMC Trust 2006-CF2 CS Mortgage Pass-Through Certificates Series 2006-CF2, respectfully requests that this Court:

A. Deny Melson's request for default judgment;

B. Allow US Bank twenty (20) days in which to file a responsive pleading from the date of this Court's order denying Melson's Request for Default Judgment;

C. Grant US Bank any additional relief to which US Bank is entitled.

Respectfully submitted this 15th day of March, 2010.

CASTLE MEINHOLD & STAWIARSKI, LLC

/s/ *Keith A. Gantenbein Jr.*
Keith A. Gantenbein Jr. #39213
Attorneys for US Bank National Association as Trustee on Behalf of the Holders of the CSMC Trust 2006-CF2 CS Mortgage Pass-Through Certificates Series 2006-CF2

## CERTIFICATE OF SERVICE

      I hereby certify that on March 15, 2010, a true and correct copy of the foregoing Combined Motion for Enlargement of Time and Response to Motion for Default Judgment was served on the following by depositing the same in the United States Mail, postage prepaid:

Daniel R. Melson
c/o John W. Swanson, Esq.
34 South Holman Way #2B
Golden, CO 80401

                                                          */s/ Aryka Moore*
                                                          Aryka Moore, Paralegal