| | |
|---|---|
| DISTRICT COURT, PARK COUNTY, COLORADO<br>Court Address:        300 4TH Street<br>                            Fairplay, CO 80440 | **EFILED Document**<br>**CO Park County District Court 11th JD**<br>**Filing Date: Apr  5 2010  6:00PM MDT**<br>**Filing ID: 30416286**<br>**Review Clerk: Delia Moreno** |
| Plaintiff: Daniel R. Melson,<br><br>v.<br><br>Defendants: Finance America, LLC d/b/a Fin-Am LLC Originating Lender, Ocwen Loan Servicing, LLC, Original Loan Servicer, Loan No 34974212, the CIT Group/Consumer Financing, Inc., and successor loan servicer, Act. No. 0000900276306, Select Portfolio Servicing, Inc. Loan No. 0008900342, US Bank National Association as Trustee on Behalf of the Holders of the CSMC Trust 2006-CF2 CS Mortgage Pass-Through Certificates Series 2006-CF2, Mortgage Electronic Registration System, Inc., MERS/MIN No. 100052300417455481, and the Public Trustee of Park County Colorado, et al. | |
| Attorney for Defendant US Bank N.A., as Trustee, On Behalf of the Holders of the Trust 2006-CF-2 CS, Mortgage Pass Trough Certificates 2006-CF-2:<br><br>CASTLE MEINHOLD & STAWIARSKI, LLC<br><br>Address:        999 18th Street, Suite 2201<br>                   Denver, Colorado  80202<br>Phone Number:  (303) 865-1400<br>FAX Number:   (303) 865-1510<br>E-mail:          dstodden@cmsatty.com<br>                   kgantenbein@cmsatty.com<br>Atty. Reg. #:     33214 (Deanne R. Stodden)<br>                   39213 (Keith A. Gantenbein Jr.) | Case Number:  2009CV286<br><br>Div:   B |

**ANSWER OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CSMC TRUST 2006-CF2 CS MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-CF2**

Defendant U.S. Bank National Association as Trustee on Behalf of the Holders of the CSMC Trust 2006-CF2 CS Mortgage Pass-Through Certificates Series 2006-CF2 ("US Bank"),

through its attorneys Castle Meinhold & Stawiarski, LLC hereby answers plaintiff's amended complaint as follows:

## I. <u>ANSWER</u>

1.      Defendant is without sufficient information or knowledge to admit or deny paragraph 1 of plaintiff's amended complaint, and on that basis denies said allegations.

2.      The allegations of paragraph 2 of the plaintiff's amended complaint are admitted in part and denied in part.   Defendant admits it is registered to do business in Colorado. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 2 and on that basis denies same.

3.      Defendant admits the allegations contained in paragraph 3 of plaintiff's amended complaint.

4.      Defendant is without sufficient information or knowledge to admit or deny paragraphs 4, and 5 of plaintiff's amended complaint, and on that basis denies said allegations.

5.      Defendant admits the allegations contained in paragraphs 6 and 7 of plaintiff's amended complaint.

6.      The allegations of paragraph 8 of the plaintiff's amended complaint are admitted in part and denied in part.   Defendant admits it obtained an order authorizing sale under C.R.C.P Rule 120 in case number 2009CV63, and that it made a successful bid on the property. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 8 and on that basis denies same.

7.      Defendant admits the allegations contained in paragraph 9 of plaintiff's amended complaint.

8.      The allegations of paragraph 10 of the plaintiff's amended complaint are admitted in part and denied in part.   Defendant admits the first mortgage was an Adjustable Rate Mortgage ("ARM").   Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 10 and on that basis denies same.

9.      Defendant denies the allegations contained in paragraph 11 of plaintiff's amended complaint.

10.     Defendant is without sufficient information or knowledge to admit or deny paragraphs 12, 13, 14, and 15 of plaintiff's amended complaint, and on that basis denies said allegations.

11.     The allegations of paragraph 16 of the plaintiff's amended complaint are admitted in part and denied in part.  Defendant admits the maximum interest rate on the ARM is 14.990%. The defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 16 and on that basis denies same.

12.     Defendant is without sufficient information or knowledge to admit or deny paragraph 17 of plaintiff's amended complaint, and on that basis denies said allegations.

13.     The allegations of paragraph 18 of the plaintiff's amended complaint are admitted in part and denied in part.  Defendant admits the deed of trust was signed only by plaintiff. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 18 and on that basis denies same.

14.     Defendant is without sufficient information or knowledge to admit or deny paragraphs 19, 20(a-f), and 21 of plaintiff's amended complaint, and on that basis denies said allegations.

15.     Defendant denies the allegations contained in paragraph 22 of plaintiff's amended complaint.

16.     Defendant is without sufficient information or knowledge to admit or deny paragraph 23 of plaintiff's amended complaint, and on that basis denies said allegations.

17.     Paragraph 24 fails to state facts to which the defendant can respond, however, for purposes of this pleading, paragraph 24 is denied.

18.     Paragraph 25 is answered in the same manner as paragraphs 1 through 24.

19.     Defendant is without sufficient information or knowledge to admit or deny paragraphs 26 and 27 of plaintiff's amended complaint, and on that basis denies said allegations.

20.     Paragraph 28 is answered in the same manner as paragraphs 1 through 27.

21.     Paragraph 29 fails to state facts to which the defendant can respond, however, for purposes of this pleading, paragraph 29 is denied.

22.     The allegations of paragraph 30 of the plaintiff's amended complaint are admitted in part and denied in part.  Defendant admits the temporary restraining order was denied. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 30 and on that basis denies same.

23.     Defendant is without sufficient information or knowledge to admit or deny paragraphs 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47 of plaintiff's amended complaint, and on that basis denies said allegations.

24.     The paragraphs contained under the heading "BRIEF" of plaintiff's amended complaint, pages 10 - 12 are legal authority and as such, appear to be plaintiff's recitation of what he believes the law to be.  Consequently, no response is due from this defendant to plaintiff's legal argument.  To the extent a response is due, defendant is without sufficient information of knowledge to admit or deny this section of the complaint and on that basis denies said section.

25.     Defendant is without sufficient information or knowledge to admit or deny the second numbered paragraph 47, and paragraph 48 of plaintiff's amended complaint and on that basis denies said allegations.

26.     Paragraph 49 is answered in the same manner as paragraphs 1 through 48.

27.     Defendant is without sufficient information or knowledge to admit or deny paragraphs 50, 51 and 52 of plaintiff's amended complaint, and on that basis denies said allegations.

28.     Any allegation of the amended complaint not specifically admitted or denied is hereby denied.

## II. <u>AFFIRMATIVE DEFENSES</u>

1.     The plaintiff fails to state a claim upon which relief may be granted.

2.     The plaintiff's claims are barred by the applicable statute of limitations.

3.     The plaintiff's claims are barred by the doctrine of laches.

4.     The plaintiff's claims are barred by one or more statute of frauds, including but not limited to C.R.S. § 38-10-124.

5.     The plaintiff's claims are barred or reduced by the plaintiff's failure to mitigate his damages, if any, in this matter.

6.     The plaintiff's claimed damages or losses, if any, were the result of the conduct of third parties over whom this defendant had no control or right to control.

7.     The plaintiff's claimed damages or losses, if any, were the result of the conduct of third parties over whom the defendant might have had the right to control, but for the fact that such third parties were acting outside the scope of their authority or relationship with the defendant.

8.     The plaintiff's claims are barred because the plaintiff did not suffer any damages.

9.      The plaintiff's claims are barred because the plaintiff's damages, if any, are so speculative or contingent in nature that they cannot be reasonably ascertainable, fixed, and liquidated.

10.     The plaintiff's damages, if any, are subject to offsets of amounts owed to the defendant.

11.     The plaintiff's claims are barred by the doctrines of collateral estoppel, *res judicata*, waiver, unjust enrichment, and failure to meet a condition precedent.

12.     The plaintiff's claims are barred by the doctrine of "unclean hands", because the plaintiff seeks an equitable remedy or relief, yet the plaintiff is the cause or source of inequities that exist in this matter and, therefore, the plaintiff is not entitled to such a remedy or relief.

13.     The plaintiff's claims are barred by the economic loss rule.

14.     The plaintiff's claims are barred by the plaintiff's failure to properly provide notice of rescission pursuant all relevant portions of the Truth-In-Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA").

15.     The plaintiff's claims are barred by the plaintiff's timely failure to exercise plaintiff's rights under all relevant portions of TILA and RESPA.

16.     The plaintiff's claims are barred as any alleged violations of TILA and RESPA are the result of a bona fide error.

17.     The plaintiff's claims are barred as any alleged violations of TILA and RESPA did not result in the plaintiff having been misled by such alleged violation.

18.     The plaintiff's claims are barred as the plaintiff contributed to any alleged violation of TILA and RESPA.

19.     The plaintiff's claims are barred because the plaintiff failed to plead with particularity the allegations of fraud or mistake, as required by C.R.C.P. 9(b).

20.     The plaintiff's claims are barred because the plaintiff failed to plead with specificity any alleged "special damages", as required by C.R.C. P. 9(g).

21.     There were no circumstances that imposed upon the defendant any fiduciary obligation or duty of care to the plaintiff; accordingly, the plaintiff's claimed damages or losses, if any, were not the result of the alleged breach of any obligation or duty of care that the defendant purportedly owed to the plaintiff.

22.     The defendant incorporates into these affirmative defenses every affirmative defense asserted in this action by any other party, except for any admissions or statements that could in any way be construed as against the plaintiff's interests.

23.     The defendant reserves the right to supplement or modify these defenses

24.     The plaintiff's claims lacks substantial justification, entitling the defendant to recover all attorney's fees and costs incurred in this action, pursuant to C.R.S. §13-17-102.

WHEREFORE, defendant U.S. Bank, having fully answered the allegations of plaintiff's amended complaint, requests this court to:

a)     Dismiss plaintiff's amended complaint with prejudice;
b)     Enter judgment in favor of U.S. Bank;
c)     Award U.S. Bank reasonable costs, attorney's fees and expert witness fees incurred in connection with this case; and,
d)     Award U.S. Bank any other relief as this court deems proper.

RESPECTFULLY SUBMITTED this 5th day of April, 2010.

CASTLE MEINHOLD & STAWIARSKI, LLC
*Duly signed original on file with the*
*office of Castle Meinhold & Stawiarski, LLC*

s/ Keith A. Gantenbein
Keith A. Gantenbein

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 5, 2010, a true copy of the foregoing ANSWER OF AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CSMC TRUST 2006-CF2 CS MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-CF2 was served via LexisNexis File & Serve or by placing same in the United States Mail, first class postage prepaid, addressed as follows:

    John R. Swanson, Esq.
    1767 Denver West Blvd. Suite A
    Golden, CO  80401

*Duly signed original on file with the*
*office of Castle Meinhold & Stawiarski, LLC*

*/s/ Colette Poeppel*
Colette Poeppel