UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 10-cv-00784-PAB-BNB

DANIEL R. MELSON,

    Plaintiff,

vs.

FINANCE AMERICA, LLC d/b/a Fin-Am LLC Originating Lender;
OCWEN LOAN SERVICING, LLC, ORIGINAL LOAN SERVICER, LOAN NO. XXXX4212;
THE CIT GROUP/CONSUMER FINANCING, INC., AND SUCCESSOR LOAN SERVICER, ACT. NO. XXXXXXXX6306;
SELECT PORTFOLIO SERVICING, INC. LOAN NO. XXXXXX0342;
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CSMC TRUST 2006-CF2 CS MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-CF2; and,
THE PUBLIC TRUSTEE OF PARK COUNTY, COLORADO; ET AL.

    Defendant(s).

## ANSWER AND AFFIRMATIVE DEFENSES OF SELECT PORTFOLIO SERVICING, INC. TO PLAINTIFF'S AMENDED COMPLAINT[1]

Defendant Select Portfolio Servicing, Inc., through its attorneys, Castle Meinhold & Stawiarski, LLC, by Phillip A. Vaglica, of counsel, hereby answers Plaintiff's amended complaint as follows:

1.    The allegations of paragraph 1 are admitted in part and denied in part. Defendant admits that Plaintiff was previously the record owner of real property referenced therein, and that Plaintiff was evicted from that property. Defendant is

---

[1] Counsel for Plaintiff has circulated a subsequent version of his amended complaint, however, this Defendant has not given written consent nor has a motion for leave been filed with the court as required by Fed. R. Civ. P. 15(a)(2). In addition, the subsequent amended complaint has not been served upon this Defendant. Based upon the foregoing, this responsive pleading is submitted in response to the amended complaint located at Docket Number 3.

without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 1 and on that basis denies the same.

2. The allegations of paragraph 2 are admitted in part and denied in part. Defendant admits that it is registered to conduct business in Colorado. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 2 and on that basis denies the same.

3. Defendant admits the allegations contained in paragraph 3 of Plaintiff's amended complaint.

4. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 4 of Plaintiff's amended complaint, and on that basis denies said allegations.

5. The allegations of paragraph 5 are admitted in part and denied in part. Defendant specifically denies that it holds an interest in any deed encumbering the subject property or that it accepted "refinancing" documents from Plaintiff. Defendant admits that an eviction occurred. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 5 and on that basis denies the same.

6. Defendant denies the allegations contained in paragraphs 6, 7 and 8 of Plaintiff's amended complaint.

7. The allegations of paragraph 9 of Plaintiff's amended complaint are admitted in part and denied in part. Defendant admits the terms of the deed of trust recorded on the alleged date at the alleged reception number. The remaining allegations of paragraph 9 are denied.

8. The allegations of paragraph 10 of the Plaintiff's amended complaint are admitted in part and denied in part. Defendant admits the first mortgage was an Adjustable Rate Mortgage ("ARM"). Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 10 and on that basis denies the same.

9. Defendant denies the allegations contained in paragraph 11 of Plaintiff's amended complaint.

10. Defendant is without sufficient information or knowledge to admit or deny paragraphs 12, 13 and 14 of Plaintiff's amended complaint, and on that basis denies said allegations.

11. Defendant denies the allegations contained in paragraph 15 of Plaintiff's amended complaint.

12. The allegations of paragraph 16 of the Plaintiff's amended complaint are admitted in part and denied in part. Defendant admits the maximum interest rate on the ARM was 14.990%. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 16 and on that basis denies the same.

13. The allegations of paragraph 17 of the Plaintiff's amended complaint are admitted in part and denied in part. Defendant admits that it facilitated a loan modification for Plaintiff on or around the date noted in the amended complaint. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 17 and on that basis denies the same.

11. The allegations of paragraph 18 of the Plaintiff's amended complaint are admitted in part and denied in part. Defendant admits the deed of trust was signed only

by Plaintiff.  Defendant denies that it was involved in a formal refinance or closing with regard to Plaintiff's loan.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 18 and on that basis denies the same.

12.     The first sentence of paragraph 19 does not contain allegations of fact to which Defendant can respond, however, for purposes of this pleading, any such allegations contained in paragraph 19 of Plaintiff's amended complaint are denied.  Defendant is without sufficient information or knowledge as to the remaining allegations contained in paragraph 19 of Plaintiff's amended complaint and the same are therefore denied.

13.     Defendant denies the allegations contained in paragraph 20 (including subsections A, B, C, D, E and F) of Plaintiff's amended complaint.

14.     Defendant is without sufficient information or knowledge to admit or deny paragraph 21 of Plaintiff's amended complaint, and on that basis denies said allegations.

15.     Paragraph 22 of Plaintiff's amended complaint is admitted in part and denied in part.  Defendant specifically denies the allegation of paragraph 22 of Plaintiff's amended complaint stating that Plaintiff rescinded the loan at issue.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 22 of Plaintiff's amended complaint, and on that basis denies said allegations.

16.     Defendant denies the allegations contained in paragraph 23 of Plaintiff's amended complaint.

17. Paragraph 24 of Plaintiff's amended complaint fails to state allegations of fact to which the Defendant can respond, however, for purposes of this pleading, paragraph 24 is denied.

18. Paragraph 25 is answered in the same manner as paragraphs 1 through 24.

19. Paragraphs 26 and 27 appear to be comprised of legal opinions which do not require a response from Plaintiff. However, for purposes of this pleading, any allegations of fact contained in paragraphs 26 and 27 of Plaintiff's amended complaint are denied.

20. Paragraph 28 is answered in the same manner as paragraphs 1 through 27.

21. Paragraph 29 fails to state allegations of fact to which the Defendant can respond, however, for purposes of this pleading, paragraph 29 is denied.

22. The allegations of paragraph 30 of the Plaintiff's amended complaint are admitted in part and denied in part. Defendant admits that the Plaintiff's motion to obtain a temporary restraining order was denied. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 30 and on that basis denies the same.

23. Defendant is without sufficient information or knowledge to admit or deny paragraphs 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46 and 47 of Plaintiff's amended complaint, and on that basis denies said allegations.

24. The paragraphs contained under the heading "BRIEF" of Plaintiff's amended complaint, pages 10 - 12 consist of a recitation of legal authority and as such, appear to be Plaintiff's assertion of what he believes the law to be. Consequently, no response is due from this Defendant to Plaintiff's legal argument. To the extent a

response is due, Defendant is without sufficient information of knowledge to admit or deny this section of the amended complaint and on that basis denies said section.

25. Defendant is without sufficient information or knowledge to admit or deny the allegations of the second numbered paragraph 47 and paragraph 48 of Plaintiff's amended complaint and on that basis denies said allegations.

26. Paragraph 49 is answered in the same manner as paragraphs 1 through 48.

27. Defendant is without sufficient information or knowledge to admit or deny paragraphs 50, 51 and 52 of Plaintiff's amended complaint, and on that basis denies said allegations.

28. Any allegation of the amended complaint not specifically admitted or denied is hereby denied.

## II. AFFIRMATIVE DEFENSES

1. The Plaintiff's amended complaint fails to state a claim upon which relief may be granted against this Defendant.

2. The Plaintiff's claims are barred by the applicable statute of limitations.

3. The Plaintiff's claims are barred by the doctrine of laches.

4. The Plaintiff's claims are barred by one or more statute of frauds.

5. The Plaintiff's claims are barred or reduced by the Plaintiff's failure to mitigate his damages, if any, in this matter.

6. The Plaintiff's claimed damages or losses, if any, were the result of the conduct of third parties over whom this Defendant had no control or right to control.

7. The Plaintiff's claimed damages or losses, if any, were the result of the conduct of third parties over whom the Defendant might have had the right to control, but

for the fact that such third parties were acting outside the scope of their authority or relationship with the Defendant.

8.     The Plaintiff's claims are barred because the Plaintiff did not suffer any damages.

9.     The Plaintiff's claims are barred because the Plaintiff's damages, if any, are so speculative or contingent in nature that they cannot be reasonably ascertained, fixed, and liquidated.

10.    The Plaintiff's damages, if any, are subject to offsets of amounts owed to the Defendant.

11.    The Plaintiff's claims are barred by the doctrines of collateral estoppel, *res judicata*, waiver, estoppel, unjust enrichment, mistake and failure to meet a condition precedent.

12.    The Plaintiff's claims are barred by the doctrine of "unclean hands", because the Plaintiff seeks an equitable remedy or relief, yet the Plaintiff is the cause or source of inequities that exist in this matter and, therefore, the Plaintiff is not entitled to such a remedy or relief.

13.    The Plaintiff's claims are barred by the economic loss rule.

14.    The Plaintiff's claims are barred by the Plaintiff's failure to properly provide notice of rescission pursuant to all relevant portions of the Truth-In-Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA").

15.    The Plaintiff's claims are barred by the Plaintiff's timely failure to exercise his rights under all relevant portions of TILA and RESPA.

16. The Plaintiff's claims are barred as any alleged violations of TILA and RESPA are the result of a bona fide error.

17. The Plaintiff's claims are barred as any alleged violations of TILA and RESPA did not result in the Plaintiff having been misled by such alleged violation.

18. The Plaintiff's claims are barred as the Plaintiff contributed to any alleged violation of TILA and RESPA.

19. The Plaintiff's claims are barred because the Plaintiff failed to plead with particularity the allegations of fraud or mistake, as required by Fed. R. Civ. P. 8(a)(2).

20. The Plaintiff's claims are barred because the Plaintiff failed to plead with specificity any alleged "special damages", as required by Fed. R. Civ. P. 9(g).

21. There were no circumstances that imposed upon this Defendant any fiduciary obligation or duty of care to the Plaintiff; accordingly, the Plaintiff's claimed damages or losses, if any, were not the result of the alleged breach of any obligation or duty of care that this Defendant purportedly owed to the Plaintiff.

22. Defendant incorporates into these affirmative defenses every affirmative defense asserted in this action by any other party, except for any admissions or statements that could in any way be construed as against the Defendant's interests.

23. Defendant reserves the right to add additional defenses as the same become known to it through proceedings in this case or otherwise.

24. The Plaintiff's action is frivolous, groundless, manufactured and vexatious and as such warrants an award of attorneys' fee and costs against the Plaintiff.

WHEREFORE, Defendant Select Portfolio Servicing, Inc., having fully answered the allegations of Plaintiff's amended complaint, requests this court to dismiss the

amended complaint filed by the Plaintiff with prejudice and enter judgment against the Plaintiff and in favor of the said Defendant for all costs incurred by Defendant in the present action including reasonable attorneys' fees and all such other relief as this court deems just and proper.

DATED this 3rd day of May, 2010.

Respectfully submitted,

CASTLE MEINHOLD & STAWIARSKI, LLC

*/s/   Phillip A. Vaglica*
Phillip A. Vaglica, of counsel
Christopher T. Groen
999 Eighteenth Street, Suite 2201
Denver, CO 80202
Tel: (303) 865-1400
Fax: (303) 865-1410
E-mail: pvaglica@cmsatty.com;
    vaglica@vaglica.com;
    cgroen@cmsatty.com
Attorneys for Select Portfolio Servicing, Inc.,

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2010, I have mailed or served the foregoing Notice of Removal to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

John W. Swanson, Esq.  (via United States mail, first-class postage prepaid)
Law Office of John W. Swanson
1767 Denver West Blvd., Ste. A
Golden, CO  80401

*/s/ Colette Poeppel*
Colette Poeppel