IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00784-PAB-BNB

DANIEL R. MELSON,

    Plaintiff,

v.

FINANCE AMERICA, LLC d/b/a Fin-Am LLC Originating Lender;
OCWEN LOAN SERVICING, LLC, ORIGINAL LOAN SERVICER, LOAN NO. XXXX4212;
THE CIT GROUP/CONSUMER FINANCING, INC., AND SUCCESSOR LOAN SERVICER, ACT. NO. XXXXXXXX6306;
SELECT PORTFOLIO SERVICING, INC. LOAN NO. XXXXXX0342;
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CSMC TRUST 2006-CF2 CS MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-CF2; and,
THE PUBLIC TRUSTEE OF PARK COUNTY, COLORADO; ET AL.

    Defendant(s).

## SCHEDULING ORDER

### 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

A scheduling and planning conference took place pursuant to Rule 16(b) of the Federal Rules of Civil Procedure on June 29, 2010 at 9:30 a.m. Appearances of counsel were:

    1.    John W. Swanson, Esq., of the Law Office of John W. Swanson, 34 S. Holman Way 2F, Golden, Colorado 80401, telephone number 720-300-8328, attorney for plaintiff; and

    2.    Phillip A. Vaglica, Esq. and Christopher T. Groen, Esq., of Castle Meinhold & Stawiarski, LLC, 999 – 18th Street, Suite 2201, Denver, CO 80202; 303-865-1400, attorneys for Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank, N.A. as Trustee, on Behalf of the Holders of the Trust 2006-CF-2 CS, Mortgage Pass-Through Certificates, Series 2006-CF-2("US Bank").

## 2. STATEMENT OF JURISDICTION

The United States District Court for the District of Colorado has removal jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  *Plaintiff:*  Mr. Melson is seeking injunctive relief to stop further transfer of the property while he continues to try to get alternative financing. He is asking for declaratory relief of his and the defendant's rights and responsibilities. The complaint is for alleged violations of state and Federal law by the defendant in the loan process and ongoing relationships after that. These violations are asserted under Truth in Lending Act ("TILA"), Real Estate Settlement Protection Act ("RESPA") 12 U.S.C. § 2601, 4(d), Home Owner Equity Protection Act, ("HOEPA") 15 U.S.C. § 1639 and Colorado Consumer Credit Code. C.R.S. § 5-3-403, 106. These claims are for the failure of the defendant to provide required disclosures and other information to the plaintiff.

b.  *Defendant:  Select Portfolio Servicing, Inc.*

This case arises from a Complaint filed by Plaintiff in the Park County (Colorado) District Court, which was assigned case number 2009CV286.  Plaintiff alleged that SPS misrepresented itself to the borrower.  The basis for the misrepresentation claim seems to be that an agent for SPS allegedly made "*ex parte*" contact with the plaintiff as regards the eviction, after Plaintiff's counsel had requested that no such contact occur.  The facts asserted in support of the claim for misrepresentation do not satisfy the elements necessary to establish such a cause of action, nor do they allege any misrepresentation of material fact.  As such, Plaintiffs' claim is meritless.

SPS has asserted the following affirmative defenses: Plaintiff fails to state a claim upon which relief can be granted; Plaintiff's claimed damages or losses, if any, were the result of the conduct of third parties over whom SPS had no control or right to control; there were no circumstances that imposed upon SPS any fiduciary obligation or duty of care to the Plaintiff; Plaintiff's claimed damages or losses, if any, were not the result of the alleged breach of any obligation or duty of care that the SPS purportedly owed to the Plaintiff; Plaintiff's claims may be barred by the doctrine of laches; Plaintiff's claims may be barred by the doctrine of waiver and estoppel; and Plaintiff's claims may be barred by the applicable statute of limitations.

    c.    *Defendant: U.S. Bank, N.A. as Trustee, on Behalf of the Holders of the Trust 2006-CF-2 CS, Mortgage Pass-Through Certificates, Series 2006-CF-2*

Plaintiff's two claims against US Bank allege that the Bank had no right to foreclose because the loan had been rescinded prior to sale pursuant to the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA").  The Plaintiff seeks to have the court declare the loan rescinded and enjoin US Bank from further disposing of the Property.  US Bank's position is that the Plaintiff was not entitled to rescind his loan, the most salient reason being that the incomplete rescission attempts made by the Plaintiff were well outside the three (3) year statute of limitations pertaining to rescission under TILA and RESPA.  In addition, the claims for a declaration of rescission or injunction against US Bank or SPS are moot and would have no effect, even if the underlying claims had merit, since the deed of trust no longer exists due to the foreclosure, and the subject property has subsequently been sold and transferred to a third-party.  US Bank has asserted the same affirmative defenses as SPS, as reflected above.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

3

1. On or about May 31, 2005, Plaintiff executed a promissory note in the original principal amount of $294,000.00, which was secured by a deed of trust in favor of Finance America, LLC dba FinAm, LLC and which was recorded in the records of Park County, Colorado on June 16, 2005 at reception number 614568.

2. US Bank subsequently acquired the promissory note and deed of trust (collectively, the "Loan") from Finance America, LLC dba FinAm, LLC and SPS serviced the Loan for US Bank until the same was foreclosed.

3. Plaintiff entered into a loan modification agreement with US Bank effective May 1, 2008, which raised the principal balance to $306,036.11.

4. US Bank initiated foreclosure proceedings through the recording of a Notice of Election and Demand by the Park County (Colorado) Public Trustee on January 8, 2009.

5. On June 8, 2009, in the matter identified as Case Number 2009CV63, the Park County (Colorado) District Court granted an Order Authorizing Sale in favor of US Bank.

6. On July 15, 2009, a public sale was held by the Park County (Colorado) Public Trustee, and the Property was sold to US Bank for $307,824.45.

7. On July 28, 2009, the Park County (Colorado) District Court granted an Order Approving Sale in favor of US Bank in Case Number 2009CV63.

8. US Bank initiated an eviction action by filing a Verified Complaint in Unlawful Detainer with the County Court of Park County (Colorado) on September 14, 2009 as Case Number 2009C398.

9. At trial on October 14, 2009, in Case Number 2009C398, the County Court for Park County (Colorado) granted judgment for possession in favor of US Bank along with an award of attorneys' fees in the amount $1,488.00 against Plaintiff and in favor of US Bank.

## 5. COMPUTATION OF DAMAGES

a. *Plaintiff:* Plaintiff claims damages of $200-$2,000 for each violation of the lending laws. He is seeking attorney fees and costs for each violation. He is requesting his down payment and all payments made on the property. He is trying to get his property returned to him since he has cancelled his loans with the defendant.

b. *Defendant Select Portfolio Servicing, Inc.*: SPS seeks an award of its reasonable attorneys' fees and costs under the express terms of the respective note and deed of trust. Additionally, SPS will seek its attorneys' fees and costs pursuant C.R.S. § 13-17-201 and C.R.S. § 13-16-107. The amount of incurred fees and costs will be determined in a motion which will be submitted after judgment is entered in SPS' favor.

c. *Defendant: U.S. Bank, N.A. as Trustee, on Behalf of the Holders of the Trust 2006-CF-2 CS, Mortgage Pass-Through Certificates, Series 2006-CF-2*:

US Bank seeks an award of its reasonable attorneys' fees and costs under the express terms of the respective note and deed of trust. Additionally, US Bank will seek its attorneys' fees and costs pursuant C.R.S. § 13-17-201 and C.R.S. § 13-16-107. The amount of incurred fees and costs will be determined in a motion which will be submitted after judgment is entered in US Bank's favor.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: June 28, 2010

5

      b.      Names of each participant and party he/she represented.

           1.    John W. Swanson, Esq., of the Law Offices of John W. Swanson, attorney for Plaintiff.

           2.    Phillip A. Vaglica, Esq. and Christopher T. Groen, Esq., of Castle Meinhold & Stawiarski, LLC, attorneys for Select Portfolio Servicing, Inc. and U.S. Bank.

      c.      Rule 26(a)(1) disclosures will be made on: June 28, 2010 by the Defendants SPS and US Bank. Plaintiff's disclosures will be made on **June 28, 2010**

      d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ.P. 26(a)(1) .

      e.      There are no agreements at this time concerning informal discovery.

      f.      There are no agreements at this time to reduce discovery and other litigation costs.

      g.      The parties do not anticipate any issues involving electronic discovery in this case.

      h.      The parties have discussed settlement, generally, however have no agreement to date.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

      a.      **Each separately represented party may take no more than 10 depositions, plus the depositions of any specially retained experts designated pursuant to this scheduling order. Each separately represented party may serve no more than 25 interrogatories, including discrete subparts.** ~~There are no modifications which any party~~

proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules

  b. **No deposition may exceed seven hours without leave of court.**  There are no limitations which any party proposes on the length of depositions

  c. **Each separately represented party may serve no more than 25 requests for production of documents and 25 requests for admissions.**  There are no limitations which any party proposes on the number of requests for production and/or requests for admission.

  d. There are no other Planning or Discovery Orders.

### 9.  CASE PLAN AND SCHEDULE

  a. Deadline for Joinder of Parties and Amendment of Pleadings:  **Elapsed.**

  b. Discovery Cut-off:  **December 29, 2010.**

  c. Dispositive Motion Deadline:  **January 21, 2011**.

  d. Expert Witness Disclosure

    1. The parties shall identify anticipated fields of expert testimony, if any.

      a. By the Plaintiff: **loan processing; federal and state loan violation; loan documentation**

      b. By SPS and US Bank:  lending practices under TILA / RESPA.

    2. Limitations which the parties propose on the use or number of expert witnesses.

      Not more than two (2) experts per separately represented party.

    3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **September 29, 2010**.

        4.        The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 10, 2010**.

   e.        Identification of Persons to Be Deposed:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
| --- | --- | --- | --- |
| Plaintiff | August 26, 2010 | 9:00 a.m. | 5 hours |
| SPS representative | August 27, 2010 | 9:00 a.m. | 4 hours |
| US Bank representative | August 27, 2010 | 9:00 a.m. | 2 hours |

   f.        Deadline for Interrogatories:

All interrogatories shall be served so that responses are due on or before the discovery cutoff.

   g.        Deadline for Requests for Production of Documents and/or Admissions:

All requests for production of documents and/or admissions shall be served so that responses are due on or before the discovery cutoff.

## 10.  DATES FOR FURTHER CONFERENCES

a.        A settlement conference will be held on **September 8, 2010, at 9:00 a.m.**  It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )        Pro se parties and attorneys only need be present.

(X)        Pro se parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

(X)        Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before **September 1, 2010,** outlining the facts and issues, as well as the strengths and weaknesses of their case.  **Each Confidential Settlement Statement must contain a specific offer of compromise, including a dollar amount the client will accept or pay in settlement and any other essential terms of a settlement.**

b.        Status conferences will be held in this case at the following dates and times:

c. A final pretrial conference will be held in this case on **March 21, 2011, at 8:30 a.m.** A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than **March 14, 2011** ~~five (5) days before the final pretrial conference~~.

## 11.  OTHER SCHEDULING MATTERS

a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement:  None.

b. Plaintiff has requested a jury trial and the anticipated length of trial is three (3) days.

c. No pretrial proceedings would be more convenient if held in Colorado Springs, CO.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

Dated June 29, 2010.

           BY THE COURT:

           s/ Boyd N. Boland
           United States Magistrate Judge

APPROVED:

| LAW OFFICE OF JOHN W. SWANSON | CASTLE MEINHOLD & STAWIARSKI, LLC |
|---|---|
| By:_____<br>John W. Swanson, (#16229)<br>34 S. Holman Way 2F<br>Golden, CO 80401<br>Cell: 720.300.8328<br>Fax: 303.952.9187<br>Email: swansonjohn2@gmail.com<br><br>ATTORNEYS FOR PLAINTIFF | <br><br><br>By: s/ Christopher T. Groen<br><br>    Phillip A. Vaglica, of counsel<br><br>    Christopher T. Groen<br><br>    999 – 18th Street, Suite 2201<br>    Denver, CO  80202<br>    Phone:  303-865-1400<br>    Fax:  303-865-1410<br>    Email:  pvaglica@cmsatty.com;<br>           vaglica@vaglica.com;<br>           cgroen@cmsatty.com<br>ATTORNEYS FOR DEFENDANT |