IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00784-PAB-BNB

DANIEL R. MELSON,

Plaintiff,

v.

FINANCE AMERICA, LLC, Originating Lender d/b/a FIN-AM LLC,
OCWEN LOAN SERVICING, LLC, original loan servicer, loan no. 34974212,
THE CIT GROUP/CONSUMER FINANCING, INC., and successor loan servicer act. no. 00009800276306,
SELECT PORTFOLIO SERVICING, INC., loan no. 0008900342,
U.S. BANK, N.A., as trustee, on behalf of the holders of the Trust 2006-CR-2 CS, mortgage pass-through certificates, series 2006-CF-2,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
MERS/MIN no. 100052300417455481, and
PUBLIC TRUSTEE OF PARK COUNTY, COLORADO

Defendants.
_____

**ORDER**
_____

This matter arises following a settlement conference on September 8, 2010, at which all claims against all defendants were resolved, except the claims against defendant Finance America, LLC ("Finance America").

This action was commenced on or about March 19, 2010, by the filing of a complaint in the District Court of Park County, Colorado. The case was removed to this court on April 6, 2010.

The case file contains three returns of service: one against the Park County Public Trustee [Doc. # 1-8]; a second against US Bank [Doc. # 1-9]; and a third against an unspecified defendant [Doc. # 1-18]. US Bank answered on April 5, 2010 [Doc. # 1-19]; SPS answered on

May 3, 2010 [Doc. # 15]; and the Park County Public Trustee has disclaimed any interest. Disclaimer [Doc. # 1-20]. I held a scheduling conference on June 29, 2010. The plaintiff and defendants Select Portfolio Servicing, Inc. ("SPS"), and U.S. Bank, N.A., as Trustee ("US Bank") appeared. See Scheduling Order [Doc. # 22] at p. 1. No other defendant appeared. Id.

There is no indication that Finance America has been served with process.

Rule 4(m), Fed. R. Civ. P., controls service of process and requires:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Consequently, service against all defendants, including Finance America, was required to be completed on or before July 19, 2010.

The plaintiff indicated at the settlement conference his intention to pursue his claims against Finance America. Pursuant to Rule 4(m), I may order that service be made within a specified time. I will allow the plaintiff an additional 60 days, or until November 8, 2010, within which to perfect service against Finance America. I caution the plaintiff, however, that failure to complete service and provide proof of that service within the time allowed may result in the dismissal of the case against Finance America without prejudice, pursuant to Fed. R. Civ. P. 4(m).

IT IS ORDERED that the plaintiff is granted to and including **November 8, 2010**, within which to make service of process upon defendant Finance America.

Dated September 8, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge